## SHANN vs. JONES.

1. A purchaser at a sheriff's sale, when not a party to the original suit, is held to be made a party by the purchase, so far as to be subject to the jurisdiction of the court on questions arising from the sale. Upon the same principle, he may be held to have a standing in court sufficient to be heard upon the subject of the disposition of the purchase money, while still in court, when part has been paid by him, and he claims the right to have it restored.

2. Where a party has become the purchaser at a sheriff's sale, at the request of the mortgagor, and has paid money on the purchase, he cannot, as against a mortgagee whose claim would be unsatisfied if the money so paid was restored to him, have such money repaid, on the ground that the mortgagor misrepresented the amount he would be compelled to pay.

This matter was heard on an application for an order to pay the surplus money raised by the sale of mortgaged premises, to Charles A. Foster, one of the defendants, upon and in part satisfaction of a mortgage held by him, claimed to be next in priority to the mortgage of the complainant.

*Mr. Schenck*, in support of the motion.

*Mr. Leupp*, contra.

THE CHANCELLOR.

The real controversy in this case, is between the defendant, Foster, who claims that he holds a mortgage, which was an encumbrance on the property sold, next in priority to that of the complainant, and Simeon W. Phillips, who was a purchaser of the mortgaged premises, or rather a substituted purchaser, at a sale had by the sheriff, which was not carried out, the premises having been afterwards re-sold.

A purchaser at a sheriff's sale, when not a party to the original suit, is held to be made a party by the purchase, so far as to be subject to the jurisdiction of the court on questions arising from the sale. Upon the same principle, he may be held to have a standing in court sufficient to be heard upon the subject of the disposition of the purchase money, while still in court, when part has been paid by him, and he claims the right to have it restored.

At the first sale, the property was bid off by the defendant Jones, the mortgagor; the price was $6000. He gave the sheriff his check upon a bank in New York, for $600, the ten per cent. required to be paid by the terms of sale. Shortly after the sale, Phillips and Jones came to the sheriff, and both stated to him that Phillips had agreed to take the place of Jones in the purchase, and Phillips gave to the sheriff his check for $600, in the place of Jones' check, which the sheriff gave up to him. The sheriff received the money on Phillips' check. Phillips had agreed with Jones to take Jones' place in the purchase, and pay for the property and hold it for him, under the understanding, had from Jones, that all the money required would be the debt of the complainant, about $3300. He afterwards found that it would be necessary to pay $6000, the whole bid, and determined not to complete the purchase, thinking that he could not be held to it, as he had not signed any article to bind him. He sent word by

Shann v. Jones.

his son to the sheriff, that he would not complete the purchase, and that the sheriff must not make out the deed. The sheriff did, however, make out and execute the deed, but never tendered or delivered it to Phillips. On the day when the consideration was to be paid, Shann met at the sheriff's office the son of Phillips, who was fully authorized to act for his father in the matter; and Shann, being disappointed in not receiving any money and being desirous of receiving what had been paid, the sheriff, with the consent of Phillips, through his son, paid to Shann $500 of that money, and retained $100 of it for the costs and expenses of sale. S. B. Phillips, the son, says that his consent was given in writing, with a provision that he should be repaid the money out of the proceeds of the next sale. Neither Shann nor the sheriff recollect this provision, or that any writing was given for consent, and none is produced.

The sheriff again advertised the property, and at the second sale it sold for $4700. Of this, about $3300 was required to satisfy the complainant, and the excess, even with the $600 paid by Phillips, will not be sufficient to pay the mortgage of Foster. Foster claims that he is entitled to have the $600 appropriated to pay the complainant's mortgage, and demands of the sheriff that he shall so appropriate it, and will not consent that it be returned to Phillips. The question submitted to and argued before me, and which it is requested by counsel on both sides, that I shall determine without regard to the form ·in which it is brought up, is whether under these circumstances, Phillips is entitled to have the money repaid him, or whether, on the other hand, Foster has a right to have it appropriated towards the payment of complainant's decree.

The ground on which Phillips claims to have the money repaid is, that it was paid under a mistake, into which he was led by Jones. This might be sufficient ground if Jones was the only party to be affected, but as it is, the real loss would be to Foster, and not to Jones ; Jones in no event can claim any of this surplus. And I know of no principle by

which any one can be called upon to repay money on account of a mistake into which the party paying it was led by his own negligence or by a third person. The sheriff gave up the check of Jones, and all claim upon Jones, as a purchaser, and took the $600 of Phillips, in lieu of it, as his indemnity. The check of Jones may have been worthless as a commercial security, but the penal consequences of the representations made by him to the sheriff on its being given, if untrue, were such as might have compelled its payment. The sheriff, after putting upon the property the expenses of the sale, had no right to take a worthless check for the per centage, or to give up one which from any cause might be good, except upon adequate consideration. He did nothing to mislead Phillips, who entered into the bargain without any misrepresentation by him. The money was used by the sheriff with Phillips' consent, for the purpose for which it was paid to him. And even if I were satisfied that it was paid with a proviso in the consent, as claimed, that would only neutralize the effect of the consent; it would lay no ground for Phillips to claim the money, stronger than he would have had without any consent.

The sheriff was willing to pay back the $500, if the parties in interest would consent; but has very properly, upon their request, declined to pay it back, and submitted the question to the court.

The sheriff has some discretion, with regard to the strict enforcement of the terms of sale. It was so held in this court, in *Woodhull* v. *Neafie*, 1 *Green's C. R.* 409. In that case, it was determined that he was not bound, at the request of the defendant, to refuse a deed, and re-sell the property because the purchaser did not comply, at the very day, with the terms of the sale. But that case only allows him to dispense with time—an immaterial matter. Neither that case, nor any other which has fallen under my observation, holds the sheriff authorized to release the purchaser from the purchase, or yield any substantial right affecting the defendants. It would be a great wrong to the defendants, if

a sheriff should, at his option, release a purchaser from a good sale, when the purchaser could hold him and retain his purchase, when made at half the value. This defendant, and every defendant in a suit, although there is no decree in his favor, has an interest in the property sold, and in having an advantageous sale; and the sheriff, even with the complainant's consent, cannot deprive him of the benefit of such sale. Phillips has no rights as against the sheriff or Foster; and the sheriff has no right to refund this money, without Foster's consent.

This $600 must be credited on the amount due to the complainant. The sheriff must pay the surplus into court; and it must, by an order in this suit, be referred to a master, to ascertain and report as between the defendants, whether Foster is entitled to be first paid, and what amount is due on his mortgage. The report used on the argument, made in another suit, cannot be used in this for that purpose.