The final decree in this matter of foreclosure was entered on June 27th, 1945. By virtue of the decree there was due the complainant $69,057.16 with interest from June 18th, 1945, and costs taxed at $629.53 with interest from date of decree.
Execution issued to the sheriff of Hudson County and the premises were advertised for sale for August 2d 1945. The sale was adjourned to August 23d 1945, at which time they were struck off to Edfran Realty Co. for the sum of $70,000. The Realty Company deposited with the sheriff $7,000. Certain objections were filed to the confirmation of the sale by one of the defendants, Jacob Farbstein, which were afterward withdrawn and the sale was confirmed on September 18th, 1945.
The Edfran Realty Co. failed to attend, receive the deed and pay the purchase price. Complainant thereupon filed its petition to open the confirmation of sale and have the property readvertised for sale. An order to show cause was advised and several appearances were made thereon. On December 5th, 1945, an order was made directing that the property be readvertised for sale and the Edfran Realty Co. was permitted to apply to this court not later than three days before the sale for an order permitting it to consummate its original bid, provided it paid the amount bid together with interest, expenses and costs incurred by reason of the readvertisement.
On January 7th, 1946, I advised an order extending the time to complete the original bid provided the Realty Co. deposit with complainant, on account of its bid, the additional sum of $13,000 not later than 1:00 P.M., January 10th, 1946, and if said sum was deposited the resale would be adjourned until February 7th, 1946. *Page 461 
The Edfran Realty Co. failed to make the said deposit and the premises were offered for sale. The under-sheriff of Hudson County, who had charge of the sale, received a bid from complainant of $100, and there being no other bidders, he announced that the premises were sold to complainant and struck the same off to it for that amount.
Shortly thereafter, Charles M. Krebs, who was present at the time of the sale, made a bid of $55,000 and was then advised by the said under-sheriff that the premises had already been sold to complainant for the above mentioned amount and that the bidding was closed. Thereupon the complainant withdrew its bid of $100 and the under-sheriff then stated that the premises were sold to Krebs for $65,000.
The solicitor for the realty company objected at the time to this procedure and on January 18th, 1946, filed objections to the confirmation of the reported sale, alleging: (1) that the price of $100 was insufficient; (2) that the sheriff had no authority to sell the premises to Krebs after he had struck them off to the complainant; (3) that the sale to Krebs, if confirmed, would adversely affect the vested rights of the Edfran Realty Co.
On January 28th, 1946, the solicitors of the several parties interested discussed the matter with me and I allowed the Edfran Realty Co. until January 29th, 1946, to pay $15,000, in addition to the $7,000 already paid to the sheriff by the solicitor of the complainant, as evidence of its good faith in the matter.
Krebs contends that he is the purchaser of the premises and that the sale should be confirmed by this court. He contends that adequacy of price is the only issue that may now be presented to this court to justify a resale.
This court in such matters may exercise its sound discretion guided by considerations of justice and equity and not by whim or caprice. Karel v. Davis, 122 N.J. Eq. 526, 529.
After a sale has been made by a sheriff, he has no power to annul it. See 35 C.J., §§ 37 and 153; Shann v. Jones,19 N.J. Eq. 251, 254. The under-sheriff had no authority to resell the premises after they had been struck off and sold to the complainant even though the complainant acquiesced in the procedure. *Page 462 
This court has jurisdiction over the liquidating trust of the complainant for the benefit of the holders of its mortgage participating certificates, its depositors and creditors. In view of this fact, and of the irregularities of the sale, and the fact that Edfran Realty Co. will forfeit $7,000 if the sale is confirmed to Krebs, leads me to the conclusion that the premises should be readvertised for sale. Such order for resale will be conditioned upon the Edfran Realty Co. paying to the sheriff of Hudson County the additional sum of $15,000 which it deposited with the solicitor of the complainant, which amount, together with the $7,000 already deposited with the sheriff, shall be held pending the resale. It will further be upon the condition that the Edfran Realty Co. bid not less than $70,000 at the resale, plus interest from August 23d 1945, to the date of the second resale, plus the costs of all three sales (including commissions to be paid to the sheriff), and such additional amount as represents any deficit in the operation and maintenance of the premises. Such costs, expenses and deficit shall be first payable to the complainant out of the said $22,000 deposited with and held by the sheriff. The order shall also contain a provision that in case the resale of the premises shall produce a sum more than sufficient to satisfy the complainant the full amount of its decree and interest, costs, sheriff's fees and commissions, deficits, c., then the sum of $22,000 deposited, or the balance remaining after deducting these items, shall be paid to the Edfran Realty Co.
In other words, the Edfran Realty Co. must make a first bid of $70,000 plus interest, costs, c., because it was through its delay in failing to comply with the conditions of the original sale that the parties presently find themselves in these circumstances. "He who seeks equity must do equity." This maxim applies to the Edfran Realty Co. *Page 463